[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (DOCKET ENTRY NO. 133.00)
The plaintiff has filed a motion to reopen the judgment entered on December 1, 1998. On that date, the parties entered into a stipulation providing for the custody, care, support and maintenance of their minor child, Stephanie Margaret Kent, born March 27, 1990. The stipulation was approved by the court (Frankel, J.) and judgment entered on the stipulation. On April 13, 1999, the plaintiff filed an application for order to show cause to open the judgment which was served on the defendant on April 23, 1999. The defendant has filed a motion to strike plaintiff's application to reopen the judgment.
Defendant's motion claims "defendant's" (sic) plaintiff's application is in violation of § 11-10 of the Connecticut Rules of Practice and that the "defendant's" (sic) plaintiff's application is legally insufficient in that it fails to state a claim upon which relief can be granted. Plaintiff's application does not require a memorandum of law to be filed with the application. It is not a motion to set aside the judgment filed pursuant to § 17-4 since the application or motion has been filed in a case in which the court has continuing jurisdiction since the case involves the custody of a minor child and since, also, the plaintiff alleges fraud so that this case falls within the purview of that language of § 17-4 (a) providing "unless otherwise provided by law."
The defendant further claims the plaintiff's application is legally insufficient in that it fails to state a claim upon which relief can be granted. However, the plaintiff alleges in paragraph 13 that the "defendant intentionally and deliberately failed to disclose her pending real estate transaction prior to CT Page 7634 judgment, thereby perpetrating a fraud on the plaintiff." The allegations of paragraph 14 complete the plaintiff's claims of fraud alleging defendant failed to disclose that she was planning to move to Washington Depot, that her actions were deliberate and that the plaintiff relied on those actions to his and the child's detriment.
That part of the defendant's motion as contained on page one requesting that the application be stricken in its entirety is denied. So much of the defendant's motion as seeks to strike paragraphs 5, 6 and 15 of the application is granted and those paragraphs are stricken. The first sentence of paragraph 17 shall remain but the remainder of paragraph 17 is stricken. The first sentence of paragraph 18 shall remain, but the remainder of paragraph 18 is stricken. Paragraphs 19 and 20 are stricken.
The plaintiff shall file a new application to reopen the judgment with paragraphs 5, 6, 15, 19 and 20 deleted in their entirety and paragraphs 17 and 18 deleted excepted for the first sentences of each paragraph which is to remain.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE